UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JABIN ALLEN WHITLOW,<br><br>            Petitioner/Defendant,<br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case No. 1:10-cv-00191-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

In October 2012, this Court denied Jabin Allen Whitlow's Motion Pursuant to 28 U.S.C. § 2255. *See Order*, Dkt. 17.  In January, Whitlow filed a Notice of Appeal and a Request for a Certificate of Appealability. *See* Dkt 18. Within this document, Whitlow stated that he had not, as of that date, received the Court's final judgment.  The Court construes this statement as a motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

Having considered the motion and the record in this case, the Court will grant Whitlow's motion to reopen the time to appeal, but will deny the motion for a certificate of appealability.

## MOTION TO REOPEN TIME TO APPEAL

This Court entered judgment against Whitlow on October 9, 2012. Whitlow's notice of appeal was due within 60 days from that date. *See* Fed. R. App. P. 4(a)(1). Whitlow did not file his notice of appeal until 101 days later, on January 18, 2013. As noted, however, Whitlow indicated that he had not received a copy of the Court's final judgment.

Under these circumstances, the Court must determine whether to reopeon Whitlow's time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). *See United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011).

Under Rule 4(a)(6), "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

*Withers*, 638 F.3d at 1061.

Rule 4(a)(6) gives a district court limited discretion in deciding whether to grant a motion to reopen. *Id.* "Where the moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment." *Id.*

Here, Whitlow's assertion that he did not timely receive notice of this Court's judgment has not been challenged. Plus, the other Rule 4(a)(6) factors are not at issue. Condition (B) is not at issue because Whitlow filed his motion within 180 days after the Court's judgment was entered. Condition (C) is not at issue because the government has not argued it would be prejudiced. The Court will therefore grant Whitlow's motion to reopen the time to appeal.

## CERTIFICATE OF APPEALABILITY

The Court will now turn to Whitlow's request for a certificate of appealability.

An appellant, seeking to appeal a denial or dismissal of his § 2255 motion, may only appeal after he has obtained a certificate of appealability. Fed R. App. P. 22(b). To obtain a certificate of appealability, an appellant must demonstrate that he has been substantially denied a constitutional right. 28 U.S.C. § 2253(c)(2). The standard to obtain review is lower than that require for the Petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, an appellant must show reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Whitlow's claims to be debatable or deserving of further review. Accordingly, the Court will deny the motion for a certificate of appealability as to all issues.

## ORDER

The Motion to Reopen the Time to Appeal (Dkt. 18) is **GRANTED.** The Motion for a Certificate of Appealability (Dkt. 18) is **DENIED**. Whitlow is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals pursuant to the Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this Order to the Ninth Circuit. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: June 3, 2013

B. Lynn Winmill
Chief Judge
United States District Court